IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:CR-04-235 |
| : | (Judge McClure) |
| v.    : | |
| : | |
| JESSE BROWN, : | |
| Defendant    : | |

**O R D E R**

May 5, 2005

**BACKGROUND:**

On March 10, 2005, a grand jury sitting in the Middle District of Pennsylvania returned a six-count second superseding indictment charging defendant Jesse Brown with various drug-related charges.

The first count of the second superseding indictment charges Brown with conspiracy to possess with intent to distribute and distribute more than fifty (50) grams of cocaine base known as crack, a schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and to possess with intent to distribute and distribute cocaine, a schedule II substance, in violation of 21 U.S.C. § 841. (Count One.)

Counts two through four of the indictment charge Brown with possessing

1

with intent to distribute and distributing cocaine base, known as crack, a Schedule II controlled substance and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on or about June 17, 2004 (Count Two), on or about June 23, 2004 (Count Three), and on or about June 29, 2004 (Count Four).  The indictment further charged Brown with possessing with intent to distribute and distributing cocaine base, known as crack, a Schedule II controlled substance on or about June 30, 2004 (Count Five).  Brown is also charged with possessing with intent to distribute more than five (5) grams of cocaine base, known as crack, a Schedule II controlled substance, on June 30, 2004, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(iii) (Count Six).

On March 28, 2005, Brown pled not guilty to all charges.  Jury selection is now set for June 21, 2005.

Now before the court is Brown's motion for a bill of particulars on his second superseding indictment.  (Rec. Doc. No. 68.)  The government did not file a brief in objection to the bill of particulars.  For the following reasons, the court will deny Brown's motion.

**DISCUSSION:**

### I.  Standard of Review

Federal Rule of Criminal Procedure 7(f) provides:

> **Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justices requires.

"'The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting United States v. Tucker, 262 F. Supp. 305, 308 (S.D.N.Y. 1966)). A defendant has no right to a bill of particulars. See United States v. O'Driscoll, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002). Granting a motion for a bill of particulars lies within the court's discretion. See, e.g., United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975).

A motion for a bill of particulars should be granted if the government's failure to allege factual or legal information in the indictment "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989). Because a bill of particulars defines and limits the government's case, the court must weigh the "defendant's interest in securing information" against the

"government's interest in not committing itself to facts before it is in a position to do so." United States v. Serafini, 7 F. Supp. 2d 529, 547 & n.13 (M.D. Pa. 1998).

## II.  Brown's Motion

In his motion for a bill of particulars, Brown sets forth numerous requests for information regarding the crimes charged in the indictment.  His requests are as follows:

> 1. State exactly whether the Government intends to prove that Defendant acted as a principal, accomplice or both.
> 2. Set forth the exact time and place of the alleged crimes.
> 3. Set forth the precise facts which form the basis for Defendant's culpability for all offenses charged in the Indictment including:
>    a. set forth in detail, the precise act(s) allegedly committed by Defendant, including the time and place of the act(s);
>    b. describe all physical evidence which was recovered from Defendant at or about the time of the arrest.  If Defendant was not in possession of such evidence, state the name(s), address(es), and birth date(s) of the person(s) to whom such possession is attributed; and,
>    c. if the Defendant is alleged to be an accomplice, state in what way he allegedly solicited, requested, aided and abetted, commanded, induced, caused or procured another person in the commission of the alleged act(s).
> 4. For the crack cocaine allegedly possessed by

    Defendant with the intent to distribute or distributed:
    a. state specifically the basis for which Defendant is charged with possession of the crack or with distributing the crack;
    b. state specifically how Defendant is alleged to have exercised dominion and/or control over the crack or what he did to distribute it; and,
    c. state from where the crack was recovered.
5. For all of the physical evidence seized, including, but not limited to, narcotics, firearm(s), ammunition and currency, state whether any search warrant or arrest warrant was utilized, and if so, attach a copy of said warrant(s). If no warrant was used, state pursuant to what legal authority such seizure and arrest was made.
6. State precisely what information constituted the basis for Defendant's arrest, including the name of any informant who provided such information.
7. State whether the Government intends to offer at trial any testimony regarding an observation of Defendant, either at the time or place of the alleged commission of the offenses charged, or upon some other occasion relevant to the case, to be given by a witness who has previously identified Defendant as such. If so, specify the times, locations, and circumstances of such observations and/or identifications and enumerate the Governmental and civilian persons present.
8. The name(s) and address(es) of every informer and person relied upon by the Government as the offenses charged in each count of the indictment.
9. The name(s) and address(es) of every person whom the Government expects to call as a witness to prove the offenses charged in the Indictment.

10. Identify the nature of any and all statements and/or events, other than those already contained in the Indictment, upon which the Government intends to rely to prove that a conspiracy existed wherein the Defendant was involved in distributing any form of cocaine.
11. Identify the date and nature of the earliest statement and/or event upon which the Government will rely to establish when and where Defendant joined a conspiracy to distribute any form of cocaine or actually distributed cocaine.
12. Identify the approximate dates on which it is alleged that Defendant engaged in drug trafficking crimes, the approximate times of these acts, and the names of any other persons present known to the Government.
13. Identify the names and addresses of every person(s) present at any material conversation between the Defendant and any other individuals in furtherance of any conspiracy to distribute crack cocaine.
14. Identify any and all evidence of the Defendant's involvement in a criminal conspiracy to deliver drugs from the 1st day of January, 2003, to his arrest on the 30th day of June, 2004.
15. Identify any and all dates, times and locations of Defendant's involvement in a criminal conspiracy from the 1st day of January, 2003, up to and including the 30th day of June, 2004.
16. Identify the name of co-conspirator with whom the Defendant went to 807 Wilson Street, Williamsport, Pennsylvania on the 14th day of March, 2003.
17. Identify why and how the Defendant produced, brandished and discharged a Tarus [sic] Millenium [sic] .40 caliber pistol bearing serial number SVA 39400.

(Mot. Bill Particulars, Rec. Doc. No. 68.)

The first thirteen questions in defendant's current motion appeared in an earlier motion for a bill of particulars in this case that related to the July 22, 2004 indictment. (Compare Rec. Doc. No. 68, ¶¶ 1-13 with Mot. Bill Particulars, Rec. Doc. No. 25.) In our November 12, 2004 order we denied defendant's motion and elaborated the grounds for denial as to each of those questions. (See Rec. Doc. No. 34.) In support of defendant's current motion, defense counsel has filed the same supporting brief that was filed in support of his earlier motion. (Compare Rec. Doc. No. 26 with Rec. Doc. No. 71.)

The second superseding indictment contains a new count, which alleges that from January 1, 2003, up to and including the date of the superseding indictment, defendant intentionally, knowingly and unlawfully conspired and agreed with persons known and unknown to the grand jury to possess with intent to distribute more than fifty grams of cocaine base known as crack, and to possess with intent to distribute cocaine. (Rec. Doc. No. 54, at 1.) The second superseding indictment also asserts the manner and means by which defendant allegedly participated in the conspiracy in the form of ten paragraphs. (Rec. Doc. No. 51, at 2-3.)

The inclusion of a conspiracy count against Brown in the latest indictment

necessitates that we readdress defendant's previous requests for information in paragraphs 10, 11, and 13 of the motion, in addition to addressing defendant's four new requests in paragraphs 14, 15, 16, and 17.

In defendant's supporting brief he asserts that he is "without sufficient knowledge of the facts of the alleged criminal acts as set forth in the Indictment to enable him to prepare his defense." (Rec. Doc. No. 71, at 3.) In particular, defendant believes that from the indictment he is unable to understand the "specific details of the charges against him, particularly the extent of his alleged involvement vis-a-vis the unindicted [co-conspirator]." (Rec. Doc. No. 71, at 3.)

As we stated in our previous denial of his request for a bill of particulars, the charges against defendant are not particularly complex. As to the new information, the second superseding indictment states the time period during which Brown is alleged to be involved in a conspiracy to distribute cocaine and cocaine base, known as crack, in Williamsport, Pennsylvania. The second superseding indictment also states that Brown, and other co-conspirators, collected monies owed from drug sales by use of force, threats, intimidation and violence. Furthermore, the indictment indicates a specific instance on March 14, 2003, when the defendant is alleged to have used force to collect a drug debt at 807 Wilson Street, Williamsport, Pennsylvania. The indictment goes on to explicitly allege that

Brown brandished a weapon, identified by make and serial number, and shot a person on that occasion.

Defendant's brief concedes that a "bill of particulars is not intended to act as a preview of the Government's evidence." (Rec. Doc. No. 71, at 2.) However, that is exactly what the defendant seeks in his motion. Paragraph ten requests that the prosecution provide any and all statements or events that the government intends to rely on to prove that a conspiracy existed; paragraph eleven seeks to determine the date of the earliest event or statement that the government will rely on to prove the conspiracy; paragraph thirteen seeks the names and addresses of every person present at any material conversation between Brown and any other individual in furtherance of the conspiracy to distribute any form of cocaine; paragraph fourteen requests "any and all evidence" of Brown's involvement in a conspiracy; and paragraph fifteen requests "any and all dates, times and locations of Brown's involvement in a criminal conspiracy." (Rec. Doc. No. 68, at 3-4.)

In a motion for a bill of particulars, "a defendant is entitled neither to a wholesale discovery of the Government's evidence . . . nor to a list of the Government's prospective witnesses . . . ." Addonizio, 451 F.2d at 64 (citations omitted). We find that the manner and means alleged in the second superseding indictment sufficiently apprises Brown of the conspiracy charge against him.

9

According to the second superseding indictment the conspiracy began on or about January 1, 2003.  The second superseding indictment includes five specific dates where Brown allegedly acted in furtherance of the conspiracy to distribute cocaine and cocaine base.

In paragraph sixteen of his motion, Brown requests the name of the co-conspirator with whom Brown went to 807 Wilson Street on March 14, 2003.  (Rec. Doc. No. 68, at 4.)  Whether we require the prosecution to disclose the identity of a known unidentified co-conspirator depends on our evaluation of the substantive consideration of whether not granting defendant's request would result in unfair surprise or significantly impair defendant's ability to prepare for trial.  See Rosa, 891 F.2d at 1066; United States v. McFarlane, 759 F.Supp. 1163, 1170 (W.D. Pa. 1991) (denying request for identity of unindicted coconspirator); see also United States v. Nachamie, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (listing factors courts may consider in determining whether to grant a request to reveal identities of known unindicted coconspirators).  The Nachamie court noted that a court should consider the potential danger to coconspirators as well as the nature of the alleged criminal conduct, when determining whether to require the prosecution to identify an unindicted coconspirator.  591 F. Supp. 2d at 572.  The government alleges that Brown committed serious violent acts in furtherance of a

drug conspiracy.  In our November 2004 denial of defendant's request for a bill of particulars we noted that the government had demonstrated that the safety of informants could be compromised if their identities were revealed to the defense.  (Rec. Doc. No. 34, at 9-10.)  In balancing these considerations we will deny defendant's request that the prosecution reveal the identity of the unindicted coconspirator with whom Brown went to 807 Wilson Street on March 14, 2003.  Defendant has not convinced us that his identity is necessary to his preparation for trial.

     Finally, in paragraph seventeen, defendant requests specificity as to "why and how the Defendant produced, brandished and discharged a Tarus [sic] Millenium [sic] .40 caliber pistol bearing serial number SVA 39400."  (Rec. Doc. No. 68, at 4.)  This request lacks merit.  The second superseding indictment states that Brown collected monies owed from drug sales by using force.  (Rec. Doc. No. 54, at 2, ¶ 2.)  Specifically, the second superseding indictment alleges that on March 14, 2003, Brown went to 807 Wilson Street, Williamsport, Pennsylvania to collect a drug debt.  (Rec. Doc. No. 54, at 2, ¶ 3.)  The second superseding indictment then states that Brown produced and brandished the aforementioned firearm during the collection of this drug debt and shot an individual.  (Rec. Doc. No. 54, at 2, ¶¶4-5.)  Defendant's request in paragraph seventeen is denied because

the indictment provides more than adequate specificity as to why and how Brown allegedly used the firearm.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant's motion for a bill of particulars as to the March 10, 2005 second superseding indictment (Rec. Doc. No. 68), is denied.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge