IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-04-00235 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JESSE BROWN, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 27, 2006

On March 24, 2006, defendant Jesse Brown filed a Motion To Dismiss For Vindictive Prosecution. (Rec. Doc. No. 110.) Jury selection is scheduled for April 11, 2006. Below we explain our decision to deny the motion as untimely.

Brown was initially indicted by a Grand Jury sitting in the Middle District of Pennsylvania on July 22, 2004, for five counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Rec. Doc. No. 1.) On September 22, 2004, Brown pled not guilty. A first superseding indictment was thereafter returned on February 24, 2005. (Rec. Doc. No. 44.) Brown pled not guilty on March 2, 2005. A second superseding indictment was filed on March 10, 2005. (Rec. Doc. No. 54.) Brown pled not guilty to the second superseding indictment on March 28, 2005.

On September 22, 2005, yet a third superseding indictment was returned

against Jesse Brown. (Rec. Doc. No. 80.) Again, Brown pled not guilty on October 11, 2005. Also on October 11, 2005, the court issued a pretrial order scheduling jury selection for December 6, 2005. In paragraph ten of the order, we stated: "Except as otherwise provided in this order, all pretrial motions enumerated in Fed. R. Crim. P. 12 shall be made within fifteen (15) days after the date of this order. All such motions must be in writing and accompanied by a legal brief in support of the motion." (Order, Rec. Doc. No. 87, at ¶ 10.)

The trial of Jesse Brown has since been continued three times. In the various requests for continuance, neither party has requested, nor has the court granted, an extension to file pretrial motions. As per the order of this court dated October 11, 2005, all pretrial motions under Federal Rule of Criminal Procedure 12 must have been filed by October 26, 2005. The instant motion, purportedly filed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), was submitted on March 24, 2006. We will therefore deny the motion as untimely.

A number of other reasons militate in favor of this dismissal. Firstly, we perceive no justification for the tardiness of the motion. The third superseding indictment was filed on September 22, 2005. That gave Brown over one month to file this motion. Secondly, allowing full briefing on the motion would jeopardize the date set aside for jury selection for a criminal trial that has already been continued

three times.  Finally, even were the parties to submit briefs in support and

opposition, we would most likely deny the motion.[1]

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Jesse Brown's Motion To Dismiss For Vindictive Prosecution

(Rec. Doc. No. 110) is denied.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

[1]The thrust of Brown's motion is that during the plea bargaining process, the government used as leverage threats to file superseding indictments increasing the number and severity of the charges against Brown.  Brown appears to argue that such a practice punishes Brown for exercising his right to plead "not guilty."  However, the Supreme Court of the United States has ruled that "While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices is an inevitable–and permissible–attribute of any legitimate system which tolerates and encourages the negotiation of pleas."  Bordenkircher v. Hayes, 43 U.S. 357, 364 (1978) (Stewart, J.).

Thus, "no prosecutorial vindictiveness existed and no due process violation occurred in the context of a plea bargain where the defendant is informed of the terms of the deal and is free to accept or reject the offer."  United States v. Oliver, 787 F.2d 124, 125-26 (3d Cir. 1986) (citing Bordenkircher, 43 U.S. at 363).

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."  Bordenkircher, 434 U.S. at 364.